IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY FRANCIS BOND,

    Plaintiff,

v.                                            Civil Action 3:09cv147

K. STORY,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Timothy Francis Bond, a Virginia inmate proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Bond asserts that he is entitled to relief because Defendant Story violated his rights under the Eighth Amendment[1] by failing to protect him from an attack by another inmate. Defendant Story has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 16), with the appropriate *Roseboro*[2] notice. (Docket No. 18.) Bond has responded. (Docket No. 20.) The matter is ripe for disposition.

### I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Thus, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*,

324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

## II. Recitation of Bond's Allegations

In the fall of 2008, Bond was incarcerated in the Southampton County Jail ("the Jail"). Defendant Story was the Deputy Sheriff and the Jail Supervisor. The allegations of the Complaint are set forth below:[3]

> On 10-1-08 I was physically attacked by an inmate, Brian Norman. For at least 10 days prior to attack myself and three other inmates . . . wrote and informed the Jail Supervisor [Defendant Story] that Mr. Norman was making racially motivated comments and threats, causing problems and stealing from inmates in the block, to no avail!
> The Jail Supervisor, Dep. Story, neglected to react to our warnings leaving Mr. Norman in the block with us.
> Due to Dep. Story's negligence and complete disregard for our safety I was viciously attacked and beaten by Mr. Norman which caused a severe laceration, and orbital fracture and permanent damage to my right eye. I am left with scarring and and [sic] loss of vision to my right eye.
> Because of Dep. Story's negligence and blatant disregard for my safety I was savagely beaten and permanently injured!

(Compl. 4.) Bond demands $1,000,000 in damages.

## III. Analysis

It is clear that the Eighth Amendment imposes a duty on prison officials "'to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (*quoting Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). Nevertheless, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *See id.* at 834. In order for a plaintiff to state a claim for failure to protect, a plaintiff must allege facts that plausibly suggest

---

[3] The Court has corrected the capitalization in the quotations to Bond's submissions.

3

that he or she was "incarcerated under conditions posing a substantial risk of serious harm," *id.* (*citing Helling v. McKinney*, 509 U.S. 25, 35 (1993)), and that the defendant acted with "deliberate indifference" to that danger. *Id.* at 837.

Defendant Story argues that the complaint must be dismissed because Bond has not alleged sufficient facts to satisfy these two elements. Specifically, Defendant Story asserts that the Complaint must be dismissed because Bond "does not allege facts showing that Deputy Story knew about a substantial risk of harm to the plaintiff or that he disregarded the substantial risk of injury." (Mem. Supp. Mot. Dismiss 5.) Defendant Story, however, fails to direct the Court to any instance where a court has concluded that facts similar to those alleged by Bond were insufficient to state a claim. Furthermore, as explained below, the Complaint's factual allegations are more than sufficient to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. 1937, 1952 (2009)).

### A. Substantial Risk of Harm

"Any time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates . . . ." *Westmoreland v. Brown*, 883 F. Supp. 67, 74 (E.D. Va. 1995). As was the case in *Westmoreland*, "[t]he issue of constitutional import presented in this action is when the risk of harm becomes so substantial that 'deliberate indifference' to it,

within the meaning of *Farmer v. Brennan,* is the legal equivalent of inflicting 'punishment.'"

*Id.*[4] In *Westmoreland,* the Honorable Robert E. Payne observed that:

> The decisions finding that prison assaults constitute unconstitutional "punishment" have most often done so upon finding one of three species of particularized harm. In the first, the plaintiff has been at some particularized risk individually because of: (i) a personal trait; or (ii) membership in an identifiable class that is particularly vulnerable to harm. In the second, the person who committed the assault has demonstrated an unusually violent nature of which the defendant knows and which makes the assailant a substantial risk to his fellow inmates. In the third, the defendants were aware that the specific assault was ongoing or had occurred, yet had failed to respond to protect, or to treat, the victim.

*Westmoreland,* 883 F. Supp. at 74 (internal citations and parentheticals omitted). Bond arguably alleges circumstances falling within the second species of particularized harm articulated in *Westmoreland.* Moreover, neither *Westmoreland* nor the relevant jurisprudence suggests that the foregoing list constitutes an exhaustive description of the circumstances giving rise to a constitutionally significant risk of inmate upon inmate assault. *Id.*

A risk of assault may be sufficiently substantial as to require action by prison officials where it is "'highly probable'" that a particular attack will occur, or in instances where a particular detainee "pose[s] a 'heightened risk of assault to the plaintiff.'" *Brown v. Budz,* 398 F.3d 904, 911 (7th Cir. 2005); *see, e.g., Purvis v. Johnson,* 78 F. App'x 377, 379 (5th Cir. 2003) (No. 03-10299) (concluding that plaintiff's allegations that he four times informed officials that his cell-mate was a racist and threatened him everyday because he was white, were sufficient to state a claim for failure to protect), *available at* 2003 WL 22391226, at *1-2. Nevertheless, "[i]n order to infer callous indifference when an official fails to protect a prisoner from the risk of

---

[4] In *Farmer,* the Supreme Court expressly declined to define "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." *Farmer,* 511 U.S. at 834 n.3.

5

attack, there must be a strong likelihood rather than a mere possibility that violence will occur." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (alteration in original; internal quotation marks omitted).

Bond has pled sufficient facts to suggest that he faced a substantial risk of harm from Norman. In the ten-day period proceeding October 1, 2008, inmate Norman was repeatedly threatening violence against those inmates, such as Bond, who were of a different race than Norman. In addition to his threats, Norman was stealing from the other inmates on the cell-block. Norman was causing such acute distress on the cell-block that, within this ten-day period, four separate inmates wrote to Defendant Story to complain about Norman's threats and thievery. Given the "demonstrated proclivity for antisocial criminal, and often violent, conduct" that can occur among inmates, the complaint plausibly suggests a strong likelihood that violence would occur between Norman and those inmates, such as Bond, who were the objects of Norman's threats and thievery. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984); *see Purvis*, 78 F. App'x at 379, *available at* 2003 WL 22391226, at *1-2.

### B. Deliberate Indifference

Bond also has pled sufficient facts to demonstrate that Defendant Story acted with deliberate indifference to the risk of assault posed by inmate Norman. *See Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) ("In failure to protect cases, '[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.'" (alteration in original) (*quoting McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991))). The numerous complaints sent to Defendant Story by Bond and his fellow inmates regarding Norman's conduct plausibly suggest that Defendant Story knew of the risk of

6

assault that Norman posed to Bond and simply failed to act. *See Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) ("A prison official shows deliberate indifference if he 'knows of and disregards an excessive risk to inmate health or safety.'" (*quoting Farmer*, 511 U.S. at 837)); *see Purvis*, 78 F. App'x at 379, *available at* 2003 WL 22391226, at *2. Defendant Story's contention that Bond's allegations do not suffice is not supported by the record. Accordingly, Defendant Story's motion to dismiss (Docket No. 16) will be DENIED.

### IV. Conclusion

For the foregoing reasons, the Court will DENY Defendant Story's motion to dismiss (Docket 16).

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7-20-10